UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ARAÑA,

                Petitioner,          Nos. 03-CV-73023
vs.                                                        95-CR-80272

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      February 24, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

This matter is presently before the Court on Petitioner Luis Araña's § 2255 Motion to Vacate Sentence. The Government has responded to Araña's Motion and Petitioner has replied. Having reviewed and considered Petitioner's briefs, his supplements thereto, and the Government's response, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(e)(2), Petitioner's motion will be decided on the briefs.

## II. BACKGROUND

Petitioner Luis Araña is the former leader of a large scale drug trafficking organization that moved cocaine between Miami and Detroit. He and 16 co-defendants were indicted on various narcotics trafficking charges and various crimes directly and indirectly connected to the death of Gil Debasa, Araña's former partner in a drug-dealing enterprise.

Araña and three of his co-defendants, Jose Alberto Reyes, Gilberto Felipe Hernandez and Lorenzo Domingas, were tried together before a jury in 1998. After a 23-day trial, Araña was convicted of conspiracy to possess with intent to distribute and to distribute cocaine (Count 1), murder for hire (Count 2), aiding and abetting intentional killing (Count 3), and aiding and abetting a firearms murder in relation to a drug trafficking Crime (Count 4).[1] He was subsequently sentenced by this Court to four concurrent terms of life imprisonment on Counts 1-4.

Araña thereafter appealed his conviction to the Sixth Circuit Court of Appeals challenging (1) the district court's decision to allow a joint trial on the separate drug trafficking and various murder charges; (2) the sufficiency of the case agent's summary testimony supporting the indictment; and (3) the admissibility at trial of evidence of prior wrongful acts. He also argued that he was entitled to resentencing under *Apprendi v.*

---

[1] All four defendants were convicted of conspiracy to possess cocaine with intent to distribute; Araña and Hernandez were also convicted of murder-for-hire, aiding and abetting an intentional killing, and aiding and abetting a firearms murder in relation to a drug trafficking crime. Hernandez was additionally convicted on a witness tampering charge.

*New Jersey*, 530 U.S. 466 (2000).  The Sixth Circuit rejected all of Araña's claims and affirmed this Court's Judgment.  *See United States v. Reyes, et al.,* 51 Fed. Appx. 488 (6th Cir., Oct. 9, 2002).  Araña thereafter petitioned to the Supreme Court for a writ of *certiorari*.  The Supreme Court denied the petition.  *See Araña v. United States*, 537 U.S. 1076 (Dec. 9, 2002).

> Araña subsequently filed the instant § 2255 motion, raising the following issues:
>
> ISSUE I:   It was an abuse of discretion when the trial Court denied Petitioner's request that testimony regarding evidence of other crimes or wrongs that occurred prior to the alleged conspiracy should have been excluded and/or a mistrial granted.
>
> ISSUE II: Petitioner did not receive a fair trial when defense counsel was allowed to offer information that Gil Debasa had been killed because of a "hit" out of New York and it was also an abuse of discretion when the court denied counsel's request for an investigator to inquire into the matter and when the court gave an instruction that effectively told the jurors his opinion was evidence and the information regarding a New York hit was not to be considered valid.
>
> ISSUE III: Trial counsel's performance constituted ineffective assistance contrary to and guaranteed by the Sixth Amendment of the U.S. Constitution.
>
> ISSUE IV: Araña was deprived of effective assistance of counsel on direct appeal.
>
> ISSUE V: The trial was replete with inadmissible hearsay evidence that prejudiced the defense requiring reversal of conviction.
>
> ISSUE VI: Petitioner's right to a fair trial was violated by the government's repeated use of leading questions.
>
> ISSUE VII: Other instances of error that show petitioner did not receive a fair trial.

ISSUE VIII: The evidence was insufficient to convict on all counts and due process was violated when the government offered inconsistent theories.

ISSUE IX: There was no evidence proffered to support a conviction in Count III nor were the elements necessary for a conviction under Section 848 listed in the indictment nor presented at trial; thus the district court impermissibly amended the indictment or the error amounted to a fatal variance.

ISSUE X: The jury was impermissibly charged with finding Petitioner responsible for both "five kilos or more of cocaine" and "a detectable amount" requiring resentencing under 21 U.S.C. § 841(b)(1)(C) or at level 12.

### III. DISCUSSION

A. LEGAL STANDARDS

The substantive provisions of § 2255 provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 para.1. Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates either the Constitution or a federal statute. However, in order to obtain relief under § 2255 on the basis of a non-constitutional -- *i.e.*, a statutory or rule -- error, the record must reflect a fundamental defect in the proceedings which inherently causes a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 348 (Ginsberg, J); *id.* at 355-56 (Scalia, J.); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam). As the Seventh Circuit

explained in *Broadway v. United States*, 104 F.3d 901 (7th Cir. 1997):

> Where "mere statutory violations are at issue," as here, the Supreme Court has recently held that § 2255 can only avail a petitioner if the alleged error spawned a "'fundamental defect which inherently results in a complete miscarriage of justice.'" Federal courts lack the power under § 2255 to rectify errors that fall short of "vitiat[ing] the sentencing court's jurisdiction or are otherwise of constitutional magnitude."

104 F.3d at. 903 (quoting, respectively, *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (citations omitted); and *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citations omitted)). With these standards in mind, the Court will address the issues raised in Petitioner Araña's § 2255 motion.

B. PETITIONER'S CLAIM REGARDING THE ADMISSION OF "PRIOR WRONGFUL ACTS" WAS ALREADY LITIGATED AND DISPOSED OF BY THE COURT OF APPEALS

As an initial matter, the Court notes that Petitioner's first argument, i.e., that the trial court abused its discretion when it denied Petitioner's request that testimony regarding evidence of other crimes or wrongs that occurred prior to the alleged conspiracy should have been excluded as improper character evidence, not only is a non-constitutional one, but also is one Petitioner has already argued and was expressly rejected by the appellate court in Petitioner's direct appeal to the Sixth Circuit.

It is well-settled that a § 2255 motion may not be used to relitigate an issue that was raised and disposed of on appeal absent highly exceptional circumstances. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995), *cert. denied*, 516 U.S. 942 (1995); *Warren v. United States*,

5

1994 WL 486625 (6th Cir. 1994). *See also Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir.1974), *cert. denied*, 423 U.S. 861 (1975) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already been litigated on direct appeal). This is the law, not only in the Sixth Circuit but in virtually every other circuit. *See e.g., Cabrera v. United States*, 972 F.2d 23, 25 (2nd Cir.1992) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal."); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992) (issues raised on direct appeal cannot be raised in a collateral attack absent a change in circumstances); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) (claims introduced and decided on direct appeal may not be relitigated in a § 2255 motion to vacate); *Walter v. United States*, 969 F.2d 814, 816 (9th Cir.1992) ("[W]hen a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ."); *Murchu v. United States*, 926 F.2d 50, 55 (1st Cir.), *cert. denied*, 112 S.Ct. 99 (1991) (issues decided on direct appeal cannot be relitigated in a § 2255 motion); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."); *United States v. Greene*, 834 F.2d 1067, 1073 (D.C.Cir.1987), *cert. denied*, 487 U.S. 1238 (1988) (issues raised by defendant on direct appeal were inappropriate for collateral review). Here, the precise issue Petitioner raises

regarding his objections to the admission of pre-conspiracy bad acts evidence was actually litigated and actually decided by the Court of Appeals. There have been no change of circumstances or any intervening change in the law. The law is clear that, under these circumstances, Petitioner cannot relitigate his claims in Issue I in this § 2255 action.

C. PETITIONER HAS PROCEDURALLY DEFAULTED ON HIS ISSUES II, V, VI, VII, VIII, IX, AND X

In Issues II and V-X, Petitioner alleges various trial errors including the Court's disallowance of a possible alternative theory of the killing of Gil Debasa proffered by defense counsel and failure of the Court to appoint an investigator to investigate the matter; the admission of various instances of hearsay evidence; the government's use of leading questions; and insufficiency of the evidence. Petitioner did not raise any of these claims in his direct appeal. This constitutes a procedural default. *See Phillips v. United States*, 229 F.3d 550, 552 (6th Cir. 2000).

A § 2255 proceeding is not a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240 (1979). Accordingly, claims not raised on direct appeal generally may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 503, 123 S.Ct. 1690, 1693 (2003). If any issue could have been raised on direct appeal, the failure to raise it therein constitutes a procedural default and precludes review in a § 2255 proceeding unless the petitioner can demonstrate both "cause" for the procedural default and actual "prejudice," or that he is "actually

innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-2644 (1986);*United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566 (1991) (citing *Murray v. Carrier, supra*, 477 U.S. at 488, 106 S.Ct. at 2645), but also that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady, supra*, 456 U.S. at 170, 102 S.Ct. 1596 (emphasis in original). The "hurdle" a petitioner faces in excusing his procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir.2000)).

Petitioner Araña has not argued "cause" or "prejudice" or "actual innocence" as to any of his claims in Issues II, V, VI, VII, VIII, IX or X so as to excuse his failure to raise these issues in his direct appeal. He has, however, advanced a claim of "ineffective assistance of appellate counsel" in Issue IV. However, in this Issue IV, Petitioner addresses only one of these trial error issues -- appellate counsel's failure to raise the issue that Petitioner was prejudiced by the admission of "hearsay" evidence.[2]

---

[2] Petitioner also raised an unrelated claim of ineffectiveness in that his appellate counsel accepted the court reporter's certification of completeness of the trial transcript

Attorney error may constitute "cause" for failure to raise an issue on appeal if it rises to the level of constitutionally ineffective assistance of counsel. *See Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's convictions. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). However, a defendant has no constitutional right to have every nonfrivolous issue raised on appeal, *see Jones v. Barnes*, 463 U.S. 745, 750-54 (1983); *McMeans*, 228 F.2d at 682, and tactical choices regarding issues raised on appeal are properly left to the sound professional judgment of counsel. *United States v. Perry*, 908 F.2d 56, 69 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990).

Petitioner Araña has not demonstrated that his appellate counsel's failure to raise the "admission of inadmissible hearsay" issue was an unreasonable strategic decision under the circumstances. Counsel did raise a number of issues on appeal (including the "prior wrongful acts" issue upon which Petitioner relies heavily and to which he devotes

---

but noted in his appeal brief that some colloquy between the trial attorneys and the Court appeared to be missing from the transcript. Petitioner claims that his counsel was ineffective because he should not have filed a brief before securing a truly "complete" transcript. Petitioner, however, cannot show that he was prejudiced by his appellate counsel's notation of a perceived incomplete trial transcript, particularly since any alleged missing transcription of colloquy between counsel and the Court does not constitute evidence upon which his conviction was based.

9

nearly half of his 90-page brief). Furthermore, a trial court's determination of admissibility of evidence is subject to a highly deferential abuse of discretion standard. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). As a consequence, appellate courts will not lightly overrule the trial court's decision. *United States v. Stull*, 743 F.2d 439, 444 (6th Cir. 1984), *cert. denied*, 470 U.S. 1062 (1985). Therefore, it was not unreasonable for appellate counsel to decide not to raise Petitioner's claims of inadmissible hearsay in his appeal.

Therefore, the Court concludes that Petitioner has failed to show legally cognizable "cause" for his failure to raise his claims in Issues II and V-X in his direct appeal. And, as Petitioner has not demonstrated "cause" for his procedurally defaulted claims, it is unnecessary to determine if he has shown prejudice. *Bousley v. United States, supra*, 523 U.S. at 623.

In sum, Petitioner Araña having failed to overcome his procedural default on Issues II, V, VI, VII, VIII, IX, and X, § 2255 review of these claims is barred.

D.   PETITIONER HAS NOT DEMONSTRATED THAT HE WAS
     AFFORDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Ineffectiveness of counsel is the one exception to the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *See Massaro v. United States*, 538 U.S. 500 (2003). Petitioner Araña claims that his trial counsel was ineffective because he (1) failed to brief the "prior wrongful bad acts" issue; (2) failed to investigate the discovery information received

about a possible New York "hit" on Gil Debasa; (3) failed to secure the suppression of the FBI agent's testimony identifying the participants in wiretap tape-recorded conversations involving the defendants; (4) failing to object to the admission of evidence as hearsay and lacking foundation; and (5) failing to move for a mistrial due to the Court's admission of evidence that was prejudicial to Petitioner.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial

11

strategy. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998). The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir.1999).  Petitioner Araña has not met this burden.

Petitioner first faults his trial attorney for raising evidentiary objections as to the admission of evidence of Petitioner's "pre-conspiracy" wrongful bad acts without filing a supporting brief.  However, Petitioner fails to identify any evidence that would have been suppressed had his counsel filed a supporting brief.  The most he can do is speculate that the outcome of the trial "may" have been different. [*See* Petitioner's Brief, p. 52].  Such speculation on whether the outcome would have been different is insufficient to establish ineffectiveness of counsel. *McGuire v. Mitchell*, 2007 WL 1893902, at *22 (S.D. Ohio 2007), citing *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir.2004).

As for Petitioner's complaints regarding his attorney's failure to pursue investigation of the possibility that the murder of Gil Debasa was ordered by some drug dealers from New York, both at trial and in his 2255 petition, Petitioner fails to identify the people that should have been interviewed by his counsel (or an investigator hired by counsel).  The "tipster" about the New York connection was known only by his first name, and could not be located.  He was not an official, signed informant.  He was deemed unreliable by the Michigan State Police officer who received the information

about the "New York hit." No relevant names or locations in New York were ever identified. The tipster's information was based on what he had heard from some unnamed person. The State Police officer testified (in a hearing held on this matter outside the presence of the jury) that he had not had any additional contact with the informant since shortly before the murder in 1994. The Court allowed each defense counsel to cross-examine the officer at length. Given these circumstances, defense counsel's failure to investigate the "tip" any further does not amount to ineffective assistance of counsel.

Petitioner also faults his trial attorney for not objecting to the testimony of an FBI Special Agent who introduced wiretap tapes, identified the voices on the tapes and explained the meaning of certain terms used in drug-related conversations. All of these are permissible examples of agent testimony. *See United States v. Cooke*, 795 F.2d 527 (6th Cir. 1986) ("The standard for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time." *Id.* at 520 (quoting *United States v. Rizzo*, 492 F.2d 443, 448 (2d Cir.), *cert. denied,* 417 U.S. 944 (1974) and Fed.R.Evid. 901(b)(5)); *United States v. Hughes*, 970 F.2d 227, 235-36 (7th Cir. 1992) (holding that federal agents who have training and experience in drug-related transactions, crimes and prosecution are qualified to give testimony concerning the practices of those engaged in this type of activity); *see also United States v. Graham*, 856 F.2d 756, 759 (6th Cir. 1988) (a government agent may,

like any other witness, testify in the form of an opinion as to his understanding of a defendant's statement in a telephone conversation). Therefore, it would have been frivolous for defense counsel to have objected to the FBI Agent's testimony in this case.

Petitioner also claims that his attorney was ineffective for failing to object to the admission of evidence that he perceives to be "hearsay" and lacking foundation, and for failing to move for a mistrial due to the Court's admission of evidence that was prejudicial to Petitioner. Petitioner, not being an attorney, is obviously unaware of the particulars of the Rules of Evidence. The "hearsay" and prejudicial statements Petitioner complains of actually are not hearsay or fall within exceptions to the hearsay rule. For example, when co-conspirator defendant Hernandez recruited another co-conspirator by repeating Petitioner Araña's invitation to come to Detroit to sell drugs for him, this was a classic co-conspirator statement under Fed. R. Evid. 801(d)(2)(E). The statement was made (1) after a conspiracy was formed; (2) by a member of the conspiracy; (3) in furtherance of a conspiracy, i.e., to recruit drug sellers for the Detroit aspect of a drug operation. *See United States v. Franklin*, 415 F.3d 537 (6th Cir. 2005). Furthermore, for purposes of the co-conspirator exception to the hearsay rule, a conspiracy is not limited to the dates of the conspiracy charged in the indictment. *See United States v. Talley*, 164 F.3d 989 (6th Cir. 1999); *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993). Therefore, statements made pursuant to an earlier conspiracy to sell drugs were admissible. Accordingly, there was no ineffectiveness of counsel in failing to object to such evidence.

E.   PETITIONER'S SUPPLEMENTAL PETITIONS ARE WITHOUT MERIT

On September 13, 2004, Petitioner filed a "Supplemental Brief in Support" of his 2255 Motion arguing that he should not have been sentenced based on sentencing guideline factors (such as role in the offense or drug amounts) that were not found beyond a reasonable doubt, by the jury. In support of this view, Petitioner cited *Blakely v. Washington*, 542 U.S. 296 (2004). Then, on December 1, 2008, Petitioner filed an "Unopposed Motion for Leave to File A Supplemental Letter Brief" [Crim. Dkt. # 791] to which he appended a second proposed supplemental brief relying upon *United States v. Booker*, 543 U.S. 220 (2005).

The Sixth Circuit, however, has held that *Blakely* and *Booker* are not to be applied retroactively to cases already final on direct review. See *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007); *Duncan v. United States*, 552 F.3d 442 (6th Cir. 2009). Petitioner's conviction became final on December 9, 2002 when the Supreme Court denied his petition for a writ of *certiorari*, two years before *Blakely* was decided and three years before *Booker*. Therefore, under controlling Sixth Circuit law, Petitioner Araña's 2004 and 2008 supplemental 2255 arguments afford him no relief.

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Luis Araña's § 2255 Motion to Vacate,

Set Aside or Correct his Sentence be, and hereby is, DENIED.

                                                <u>s/Gerald E. Rosen</u>
                                                Chief Judge, United States District Court

Dated:  February 24, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2009, by electronic and/or ordinary mail.

                                                <u>s/LaShawn R. Saulsberry</u>
                                                Case Manager