UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ARAÑA,

                           Petitioner,                    Nos. 03-CV-73023
vs.                                                       95-CR-80272

UNITED STATES OF AMERICA,

                           Respondent.
_____/


OPINION AND ORDER DENYING
CERTIFICATE OF APPEALABILITY

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on _____June 3, 2009_____

    PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

        This matter is before the Court on the request of the Sixth Circuit Court of Appeals

for a decision as to whether a certificate of appealability should issue with respect to

Petitioner Araña's appeal of this Court's denial of his 2255 Motion to Vacate, Set Aside or

Correct Sentence.

        Before a prisoner may appeal a federal court's dispositive decision denying him §

2255 relief, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B), Fed. R.

App. P. 22(b).  The court must either issue a certificate of appealability indicating which

issues satisfy the required showing or provide reasons why such a certificate should not

1

issue.  28 U.S.C. § 2253(c0(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims were debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petititioner Araña advanced 10 claims in his 2255 motion.  With respect to Petitioner's first claim -- that the trial court abused its discretion when it denied Petitioner's request that testimony regarding evidence of other crimes or wrongs that occurred prior to the alleged conspiracy should have been excluded as improper character evidence -- the Court found that, based on well-established Sixth Circuit precedent, Petitioner was precluded from re-litigating this claim because this issue was already actually litigated and disposed of on direct appeal.  It is well-settled that a § 2255 motion may not be used to relitigate an issue that was raised and disposed of on appeal absent highly exceptional circumstances.  *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995), *cert. denied*, 516 U.S. 942 (1995); *Warren v. United States*, 1994 WL 486625 (6th Cir. 1994).  *See also Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir.1974), *cert. denied*, 423 U.S. 861 (1975) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already been litigated on direct appeal).

The Court also found that Petitioner had procedurally defaulted on seven of his other claims and that Petitioner had failed to demonstrate any legally cognizable "cause" and "prejudice" to overcome his procedural defaults.  Therefore, the Court found Petitioner's claims II and V-X to be barred.  The remaining claims advanced by Petitioner challenged the constitutional effectiveness of his counsel.  The Court, however, determined that none of the "errors" of counsel Petitioner complained satisfied the test for ineffective assistance of counsel established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Therefore, the Court found no basis for relief in these claims.

After reviewing the Court's ruiling and having carefully considering the record of this matter, the Court finds that jurists of reason would not find the Court's assessment of Petitioner claims to be debatable or wrong.  *See Slack, supra,*, 120 S.Ct. at 1604. Therefore, the Court concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED that no Certificate of Appealability should issue for purposes of Petitioner's appeal of the Court's denial of his 2255 Motion to Vacate, Set Aside or Correct Sentence.


s/Gerald E. Rosen
Chief Judge, United States District Court


Dated:  June 3, 2009

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2009, by electronic notification and to Luis Arana, #51905-04, USP Victorville, U.S. Penitentiary, P.O. Box 5300, Adelanto, CA 92301 by ordinary mail.

s/Ruth Brissaud
Case Manager