UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>LUIS ARAÑA, D-13,<br><br>　　Defendant. | Case No. 2:95-cr-80272-LJM-13<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTION FOR
REDUCTION IN SENTENCE [868]**

This matter is back before the Court on Louis Araña's third motion for compassionate release in 17-months. (ECF No. 868.) Presenting nothing new, it is DENIED for the reasons previously stated.

For arranging the killing of his former partner in a cocaine trafficking enterprise, Luis Araña was convicted by a federal jury of conspiracy to possess cocaine with intent to distribute (Count 1), murder-for-hire (Count 2), aiding and abetting an intentional killing (Count 3), and aiding and abetting a firearms murder in relation to a drug trafficking crime (Count 4). He was sentenced by now-retired U.S. District Judge Gerald E. Rosen in May 1999 to four concurrent terms of life imprisonment. (ECF No. 792, PageID.313.) Judge Rosen expressed his belief that a life sentence was the fair and appropriate sentence. (ECF No. 846, PageID.642.) Araña is now 68 years old and has served 24 years of his sentence.

As a result of deteriorating health, Araña filed his first motion for compassionate release on March 17, 2020. (ECF No. 842, PageID.631.) The Government acknowledged that whether Araña's deteriorating health satisfied the "extraordinary and compelling" threshold for compassionate release was a close call. (ECF NO. 846, PageID.646.) And because the Government did not believe this was the critical issue in determining the propriety of compassionate release, the Court assumed that Araña circumstances were extraordinary and compelling. *United States v. Arana*, No. 2:95-CR-80272-LJM-13, 2020 WL 2214232, at *3 (E.D. Mich. May 7, 2020). The Government further acknowledged that "[t]here is no reason to believe that the defendant poses a danger to others or a risk of recidivism if released, at this age and in this medical condition." (ECF No. 846, PageID.686.) Thus, central to deciding Araña's motion was whether a sentence reduction was consistent with the factors set forth in 18 U.S.C. § 3553(a). *Arana*, 2020 WL 2214232, at *3–5.

So, consistent with 18 U.S.C. § 3553(a), the Court analyzed whether Araña's early release would be consistent with (1) the nature and circumstances of Araña's offenses and personal history, (2) the need to promote respect for the law, deter future crimes, provide for Araña's rehabilitation, and protect the public, and (3) the need to avoid unwarranted sentence disparities among defendants with similar records. *Id*. The Court found that the extended period of Araña's criminal activity (at least 1989 to 1996) and the seriousness of his crimes weighed against release, while his "strong relationships with his children," and his "clear conduct" in prison weighed in favor. *Id*. at *4. The Court also considered the fact that, at the time when it issued its

2

decision, Araña had "never taken any responsibility or expressed any remorse for his conduct." *Id.* And the Court also noted that the co-defendant who carried out the murder served 24 years in prison, while he, unlike Araña accepted responsibility, agreed to cooperate, and testified against the others at trial. *Id.*

The Court also found guidance in a number of cases addressing compassionate release for sick and elderly defendants serving life sentences for convictions involving murder. And "although the Court sympathize[d] with Araña's current medical condition," it found that, on balance, "the applicable § 3553(a) factors [did] not support Araña's request for compassionate release at [that] time." *Arana*, 2020 WL 2214232, at *6. The Court ultimately denied the motion for compassionate release without prejudice to refiling "should there be significant deterioration in Araña's condition." *Id.*

Four months later, and more than 30 days after seeking relief from the Warden, Araña filed a renewed motion for compassionate release (ECF No. 850), which the Government again opposed (ECF No. 854). Araña identified three new circumstances that he believed warranted relief at that time. These circumstances pertained to the risks presented by the coronavirus pandemic, Araña's new medical condition of water collection in his lungs, and Araña's reliance on new cases in which, primarily as a result of the pandemic, defendants convicted of similar offenses had been granted compassionate release. (ECF No. 850.) The Court was "not persuaded that the events over the last four months demonstrate[d] a 'significant deterioration in Araña's condition.'" *United States v. Arana*, No. 95-CR-80272, 2020 WL 5569803,

3

at *3 (E.D. Mich. Sept. 17, 2020). The Court also noted that there "has been no suggestion of remorse or responsibility until after multiple filings for compassionate release and an unfavorable court opinion." *Id*. Thus, the Court denied the renewed motion for compassionate release. *Id*.

Araña appealed. He argued that the Court "abused its discretion in finding that the § 3553(a) factors counseled against his early release and in relying on the erroneous fact that Araña did not accept responsibility." *United States v. Arana*, 844 F. App'x 834, 837 (6th Cir. 2021). In considering together this Court's rulings on Araña's initial motion and renewed motion for compassionate release, the Sixth Circuit found no abuse of discretion. *Id*. at 837–838.

Less than five months after this ruling, Araña has filed another motion for compassionate release. (ECF No. 868.) He does not mention any deterioration in his medical condition.[1] But he again argues that, having served 24 years, the § 3553(a) factors warrant a reduction in his sentence. (*Id*.) But he presents no changed circumstances or any new facts or law. The theme of this motion appears to be that he was offered a 20-year plea deal and he should not be punished for going to trial. (*Id*.) But he presents no evidence to support a claim of punishment. The sentence was based on a correct calculation of the guidelines range at the time and perhaps on the facts revealed at trial (that may not have been revealed as part of a plea). And Arana surely knew that if he rejected a 20-year plea offer, he was facing a lengthier sentence

---

[1] The government advises that Araña recovered from an asymptomatic COVID-19 infection and is now fully vaccinated, thereby reducing his risk for serious illness or death from the virus. (ECF No. 870, PageID.893.)

4

if he was convicted. Again, the cooperating defendant who testified at trial was sentenced to 24 years. And as the government points out, the Supreme Court has approved as constitutional, plea bargaining under which defendants who plead guilty may face shorter sentences, while defendants who go to trial may face longer ones. (ECF No. 870, PageID.891 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363–65 (1978)).) In short, at this time, there is nothing in the latest motion that persuades the Court to change its prior ruling.

Before concluding, the Court revisits one final issue. In evaluating the § 3553(a) factors, the Court's prior rulings mentioned Araña's lack of remorse and acceptance of responsibility. The Sixth Circuit noted that "acceptance of responsibility, although considered during sentencing, is not a standalone § 3553(a) factor appropriate for direct consideration by the district court in determining whether to grant Araña's motion for compassionate release." *Arana*, 844 F. App'x at 838. "But," said the Court, "it may, in some cases, be relevant to the enumerated factors." *Id*. They found that this Court "considered this fact as evidence that Araña had not necessarily 'turned over a new leaf,' and that his sentence was not disparately long compared to his co-defendant because his co-defendant did accept responsibility. All in all, it was not an abuse of discretion for the court to find insufficient acceptance of responsibility, with the factor playing a very minor role in the court's overall decision." *Id*.

The Court's concern about the genuineness of Araña's positions with respect to the § 3553(a) factors remains. After the Sixth Circuit's ruling and prior to this latest

5

motion for compassionate release, Araña docketed a Freedom of Information Act request. (ECF No. 867.) It appears he is seeking information from the Attorney General and FBI to continue challenging his conviction. More specifically, he has requested copies of the state confessions made by Jose Balsce about the shooting and killing of Gil Debasa. (*Id.* at PageID.861.) The reason for the request, explains Araña, is that "the confession made by Jose Balsce, explains that he and not Arana, was responsible for the killing." (*Id.*) Araña adds that Balsce's confession was "later recanted and used to convict Arana in Federal Court. Because of these known false allegations, that the prosecution knew were false and allowed to be presented and heard by the jury, Arana's trial and conviction is tainted because of the prosecution's willingness to allow misleading information or tainted testimony it knew was tainted to enter the trial." (*Id.*)

There is nothing about Araña's new request for compassionate release or his current conduct that alters the Court's prior evaluation of the § 3553(a) factors. Thus, Araña's motion for reduction of sentence is DENIED. And any further motions that do not demonstrate a significant change in Araña's circumstances will be summarily denied.

IT IS SO ORDERED.

Dated: August 13, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
